# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHEILA JAMES, individually and by and through her next of friend, Z. J., a minor child, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-07-434-M |
| INDEPENDENT SCHOOL DISTRICT NO. I-007 OF OKLAHOMA COUNTY STATE OF OKLAHOMA, a/k/a HARRAH PUBLIC SCHOOLS; DEAN HUGHES, individually and in his official capacity as the Superintendent of the Harrah School District; DALE MUNYON, individually and in his official capacity as the Principal of the Harrah High School; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Dismiss, filed April 17, 2007.  On May 14, 2007, plaintiffs filed their response.

I.      Introduction[1]

In October, 2005, while in the Harrah High School, three male students enrolled and attending the Harrah High School allegedly hazed, assaulted and battered, and sexually harassed plaintiff Z. J., a minor child.  The alleged assaults occurred on the campus while the students were without supervision.  Plaintiffs allege that defendants knew or should have known about the violent tendencies of the three male students because of prior complaints from students and parents about the dangerous propensity of these students.  Plaintiffs further allege that after the assault, defendants

---

[1]The facts set forth in this introduction are based upon plaintiffs' Second Amended Petition.

allowed the three male students to continue to torment and harass plaintiff Z. J.

On March 1, 2007, plaintiffs filed the instant action in the District Court of Oklahoma County, State of Oklahoma.  In their Second Amended Petition, plaintiffs assert the following causes of action: (1) violation of Title IX, 20 U.S.C. § 1681, (2) negligence, and (3) violation of 42 U.S.C. § 1983.  On April 16, 2007, defendants removed this action to this Court.  Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' Second Amended Petition in its entirety.

II.    Discussion

A.    Standard

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

B.      Title IX claim

In order to state a claim of school district liability under Title IX in the context of student-on-student harassment, a plaintiff must allege that "the district (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999).  Having carefully reviewed plaintiffs' Second Amended Petition, the Court finds plaintiffs have sufficiently alleged a Title IX claim.  Specifically, plaintiffs allege that defendant Independent School District No. I-007 of Oklahoma County, State of Oklahoma ("District") had actual knowledge of and was deliberately indifferent to the harassment.  *See* Second Amended Petition at ¶¶ 13-16, 18-26. Further, plaintiffs allege that plaintiff Z. J. was hazed, assaulted and battered, and sexually harassed by three male students and that said assaults and harassment occurred on more than one occasion. *See* Second Amended Petition at ¶¶ 11, 12, 15, 16, and 22.  Finally, plaintiffs allege that the assaults and harassment by the three male students interfered with plaintiff Z. J.'s ability to receive an education.  *See* Second Amended Petition at ¶¶ 35, 40.

Accordingly, the Court finds that plaintiffs' Title IX claim should not be dismissed for failure to state a claim.

C.      Negligence claim

In their Second Amended Petition, plaintiffs allege that the District was negligent in that it knew or should have known that the three male students were dangerous and posed a serious threat to plaintiff Z. J. and failed to properly supervise these students and to prevent the attacks.  The District asserts that it is exempt from liability under the Oklahoma Governmental Tort Claims Act

("OGTCA").[2]

Under the OGTCA,

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
>        \*                \*                \*
>
> (5) Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees; . . . .

Okla. Stat. tit. 51, § 155(5).   "Protected discretionary functions include the policy making and planning decisions, although not negligent performance of the policy."   *Franks v. Union City Pub. Sch.*, 943 P.2d 611, 613 (Okla. 1997).   Further, the Oklahoma courts have consistently found that the decisions of a school district regarding security and the supervision of its students are discretionary acts and fall within the above-referenced exemption.   *See Franks*, 942 P.2d at 613-14; *Randall v. Tulsa Indep. Sch. Dist. No. 1*, 889 P.2d 1264, 1267 (Okla. Civ. App. 1994).

Having carefully reviewed plaintiffs' Second Amended Petition, the Court finds that plaintiffs' negligence claim is based solely upon the District's performance of or failure to perform discretionary acts.   The Court, therefore, finds that the District is exempt from liability under Okla. Stat. tit. 51, § 155(5) and that plaintiffs' negligence claim, accordingly, should be dismissed.

D.      Section 1983 claim

In their Second Amended Petition, plaintiffs also allege a § 1983 claim based upon defendants' failure to protect plaintiff Z. J. from the alleged assault and sexual harassment and based upon defendants' deliberate indifference to the alleged sexual harassment.   The Tenth Circuit has held that compulsory school attendance laws do not spawn an affirmative duty to protect under the

---

[2]The OGTCA provides the exclusive remedy for a tort action against a public school district. Okla. Stat. tit. 51, § 153(B).

Fourteenth Amendment, even when a school allegedly has knowledge of dangerous circumstances. *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 994-95 (10th Cir. 1994). Accordingly, the Court finds that plaintiffs' § 1983 claim based upon defendants' failure to protect should be dismissed.

The Tenth Circuit, however, has held that a school district and school employees can be held liable for sexual harassment under the Fourteenth Amendment. *Murrell*, 186 F.3d at 1249-50. In order to establish a school district's liability for sexual harassment under the Fourteenth Amendment, "a plaintiff must demonstrate that a state employee's discriminatory actions are representative of an official policy or custom of the municipal institution, or are taken by an official with final policy making authority." *Id.* at 1249. The District asserts that plaintiffs have not made this showing and, thus, plaintiffs' § 1983 claim against the District should be dismissed.

Having carefully reviewed plaintiffs' Second Amended Petition, the Court finds that plaintiffs have specifically alleged that the actions, or lack thereof, at issue in this case are a result of the District's policy, practice, and custom. *See* Second Amended Petition at ¶¶ 43, 44. The Court, thus, finds plaintiffs' § 1983 claim against the District is plausible on its face and, accordingly, should not be dismissed.

In order to establish the liability of either defendant Dean Hughes or defendant Dale Munyon[3] for sexual harassment under the Fourteenth Amendment, plaintiffs must show deliberate indifference to known sexual harassment. *Id.* at 1250. "In order to state a claim of 'deliberate' discriminatory conduct, [plaintiffs] must state facts sufficient to allege defendants actually knew of and acquiesced in [the three male students'] behavior." *Id.* (internal quotations omitted). Having

_____

[3]Defendant Dean Hughes is the superintendent of the Harrah School District, and defendant Dale Munyon is the principal of the Harrah High School.

5

carefully reviewed plaintiffs' Second Amended Petition, the Court finds that this is precisely plaintiffs' claim – Mr. Hughes and Mr. Munyon knew about the three male students' assault and sexual harassment of plaintiff Z. J. and acquiesced in that conduct by refusing to reasonably respond to it. Accordingly, the Court finds that plaintiffs have stated a claim under § 1983 against Mr. Hughes and Mr. Munyon.

      E.     <u>Punitive damages</u>

Finally, defendants move to dismiss plaintiffs' claim for punitive damages. Specifically, defendants assert that punitive damages against the District are not allowed in § 1983 actions and that punitive damages are not allowed in Title IX actions. In their response, plaintiffs agree that punitive damages are not allowed against the District in § 1983 actions but contend that punitive damages are allowed in Title IX actions.

In discussing the available remedies under Title IX and by comparison, Title VI, the United States Supreme Court has found that "[a] funding recipient is generally on notice that it is subject not only to those remedies explicitly provided in the relevant litigation, but also to those remedies traditionally available in suits for breach of contract." *Barnes v. Gorman*, 536 U.S. 181, 187 (2002). In *Barnes,* the Supreme Court also noted that "punitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract . . . .", *id.*, and concluded that "Title VI funding recipients have not, merely by accepting funds, implicitly consented to liability for punitive damages", *id.* at 188.

It is well established that Title IX is modeled after Title VI and is interpreted and applied in the same manner. *See id.* at 185. Accordingly, because the Supreme Court has found that punitive damages may not be awarded in private suits under Title VI, the Court finds that they may not be

6

awarded in private suits under Title IX.  *See Mercer v. Duke Univ.*, 401 F.3d 199, 202 (4th Cir. 2005)

(stating that punitive damages are not available under Title IX); *Mansourian v. Bd. of Regents of*

*Univ. of Cal. at Davis*, No. CIV. 2-03-02591-FCD-EFB, 2007 WL 3046034, at *13 (E.D. Cal. Oct.

18, 2007) (same); *Frechel-Rodriguez v. Puerto Rico Dept. of Educ.*, 478 F. Supp. 2d 191, 198-99

(D.P.R. 2007) (same); *Alston v. North Carolina A & T State Univ.*, 304 F. Supp. 2d 774, 784

(M.D.N.C. 2004) (same).

The Court, therefore, finds that plaintiffs' claim for punitive damages against the District in

relation to their § 1983 claim and plaintiffs' claim for punitive damages in relation to their Title IX

claim should be dismissed.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN

PART defendants' Motion to Dismiss [docket no. 4] as follows:

(A)    The Court GRANTS the motion to dismiss as to plaintiffs' negligence claim,
       plaintiffs' § 1983 claim based upon defendants' failure to protect, plaintiffs' claim
       for punitive damages against the District in relation to their § 1983 claim, and
       plaintiffs' claim for punitive damages in relation to their Title IX claim and, hereby,
       DISMISSES said claims.

(B)    The Court DENIES the motion to dismiss as to plaintiffs' Title IX claim and
       plaintiffs' § 1983 claim based upon defendants' deliberate indifference to the alleged
       sexual harassment.

**IT IS SO ORDERED this 25th day of October, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE