**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHEILA JAMES, and<br>ZACHARY JAMES, Real Party in Interest,<br><br>              Plaintiffs,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT<br>NO. I-007 OF OKLAHOMA COUNTY,<br>STATE OF OKLAHOMA, a/k/a<br>HARRAH PUBLIC SCHOOLS;<br>DEAN HUGHES, individually and in his<br>official capacity as the Superintendent of<br>the Harrah School District; and<br>DALE MUNYON, individually and in his<br>official capacity as the Principal of the<br>Harrah High School,<br><br>              Defendants. | Case No. CIV-07-434-M |

**ORDER**

This case is scheduled for trial on the Court's November 2008 trial docket.

Before the Court is defendants' Motion for Summary Judgment, filed August 1, 2008. On August 19, 2008, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiffs allege that plaintiff Zachary James ("James") suffered sexually oriented assaults, battery, and harassment from students when he attended Harrah Public Schools. Plaintiffs further allege that the sexual harassment began in October 2002 and continued until the last alleged sexual assault in October 2005. As a result, plaintiffs have filed the instant action alleging violations of 20 U.S.C. § 1681 ("Title IX") and 42 U.S.C. § 1983. Defendants now move for summary judgment as to all of plaintiffs' claims.

II.  Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

   A.  Claims brought by plaintiff Sheila James

In their motion, defendants assert that James is the real party in interest and that all claims brought by plaintiff Sheila James should be dismissed. In their response, plaintiffs concede that all claims brought by plaintiff Sheila James may be dismissed. Accordingly, the Court finds that all claims brought by plaintiff Sheila James should be dismissed.

B.  Title IX claim

Title IX provides, in pertinent part: "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, . . . ." 20 U.S.C. § 1681(a). A school district may be liable under Title IX provided it (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999). "[T]he first two prongs of the . . . analysis require that a school official who possessed the requisite control over the situation had actual knowledge of, and was deliberately indifferent to, the alleged harassment." *Id.* at 1247.[1] Further, "[a] district is deliberately indifferent to acts of student-on-student harassment 'only where the [district's] response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'" *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1121 (10th Cir. 2008) (quoting *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 648 (1999)). Additionally, "[w]hether gender-oriented conduct rises to the level of actionable 'harassment' thus depends on a constellation of surrounding circumstances, expectations, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis*, 526 U.S. at 651 (internal quotations and citation omitted).

---

[1] For purposes of the motion for summary judgment, defendant Independent School District No. I-007 of Oklahoma County, State of Oklahoma ("District") admits that any of the principals or assistant principals or the superintendent are appropriate persons to receive notice of sexual harassment.

3

The District contends that plaintiffs cannot satisfy any of the four above-referenced elements. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have presented sufficient evidence to create a genuine issue of material fact as to each of the four elements required to establish a Title IX claim. Specifically, the Court finds that plaintiffs have presented sufficient evidence that the District had actual knowledge of the alleged sexual harassment. In her deposition, plaintiff Sheila James testified that she advised both Principal Clifton and Vice-Principal Riddle regarding the alleged ongoing sexual harassment of James. Second, the Court finds that plaintiffs have presented sufficient evidence that the District was deliberately indifferent to the alleged sexual harassment. Plaintiffs have presented evidence that although the District was aware of the ongoing sexual harassment of James, the District never took any action to stop the harassment, never took any action against the alleged harassers, and the only action taken was to remove James from the class in which some the alleged harassment occurred. Third, viewing the evidence in the light most favorable to plaintiffs, the Court finds that plaintiffs have presented sufficient evidence that the alleged harassment was so severe, pervasive and objectively offensive that it deprived James of access to the educational benefits or opportunities provided by the District. Plaintiffs have presented evidence of ongoing sexual harassment over a period of years, including alleged sexual assaults by students grabbing James' breasts and of an incident where another student sexually humped James. Further, plaintiffs have presented evidence that because of this alleged sexual harassment James had to be taken out of school and home schooled for a period of time, which denied James of the opportunity to participate in various educational opportunities only available to students who attended the high school.

Accordingly, the Court finds that the District's motion for summary judgment as to plaintiffs' Title IX claim should be denied.

### C. Section 1983 claims

#### 1. Claim against the District

A school district may be liable for sexual harassment under Section 1983 utilizing the municipal liability framework established by the courts. In order to establish school district liability, a plaintiff must demonstrate that the school district's discriminatory actions are either "representative of an official policy or custom" or "taken by an official with final policy making authority." *Murrell*, 186 F.3d at 1250.[2] Absent an official policy, a school district "may also be held liable if the discriminatory practice is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.* (internal quotations and citation omitted). To establish a Section 1983 claim against a school district based on custom, a plaintiff must prove:

> (1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the school district's employees;
>
> (2) Deliberate indifference to or tacit approval of such misconduct by the school district's policymaking officials (board) after notice to the officials of that particular misconduct; and
>
> (3) That the plaintiff was injured by virtue of the unconstitutional acts pursuant to the board's custom and that the custom was the moving force behind the unconstitutional acts.

*Gates v. Unified Sch. Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

---

[2] Plaintiffs do not assert that the District engaged in an official policy of deliberate indifference to sexual harassment.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not set forth sufficient evidence to create a genuine issue of material fact as to whether the District's policymaking officials – the board and superintendent – had notice of the alleged unconstitutional misconduct. Specifically, the Court finds that the evidence is undisputed that defendant Dean Hughes ("Hughes"), the Superintendent of the Harrah School District, was not aware of the alleged sexual harassment of James until late October or November of 2005, after the last incident of sexual harassment had occurred. Additionally, there is no evidence that any member of the school board had any notice of the alleged sexual harassment.

Further, the Court finds no evidence to warrant the imputation of constructive knowledge of the lower level school system employees – the principals and assistant principals – to Hughes or other members of the board. "Imputation of constructive knowledge requires a showing that the underlying unconstitutional misconduct was so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of [it]." *Thelma D. by and through Delores A. v. Bd. of Educ. of City of St. Louis*, 934 F.3d 929, 933 (8th Cir. 1991) (internal quotations and citation omitted). Having reviewed the parties' submissions, the Court finds that the evidence presented by plaintiffs does not show that the underlying alleged unconstitutional misconduct was so widespread or flagrant that in the proper exercise of their official responsibilities either Hughes or the school board should have known of it. Additionally, the Court finds that imputing the knowledge of the principals and assistant principals to Hughes and the board in this case would, in effect, sanction *de facto respondeat superior* liability, a result which the United States Supreme Court has expressly rejected.

However, plaintiffs assert that the District's policies as applied by custom and practice has effectively shielded the District from liability by creating a buffer through non-policymaking employees who are not adequately trained to bring such complaints and misconduct to the attention of Hughes and the board. To establish their failure to train theory, plaintiffs "must show that the Board's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of the students." *Thelma D.*, 934 F.2d at 934 (internal quotations and citation omitted). Thus, plaintiffs "must establish that the Board had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have presented sufficient evidence to create a genuine issue of material fact as to their failure to train theory. Specifically, the Court finds plaintiffs have presented evidence, including the opinions of their expert, showing that Hughes and the school board had notice that the District's procedures were inadequate and likely to result in a violation of constitutional rights. During the time period when the alleged sexual harassment of James was happening, the District had been sued and was defending another student-on-student sexual harassment case.

Accordingly, the Court finds that the District's motion for summary judgment as to plaintiffs' Section 1983 claim should be denied.

### 2. Claims against defendants Munyon and Hughes

Defendants Dale Munyon ("Munyon")[3] and Hughes assert that plaintiffs have failed to establish their individual liability under Section 1983. In order for Munyon and Hughes to be held personally liable to plaintiffs under Section 1983, plaintiffs must prove:

---

[3]Munyon is the principal of the Harrah High School.

>    (1) that Munyon and/or Hughes received notice of a pattern of violations of James' constitutional right to be free from sexual harassment;
>
>    (2) that Munyon and/or Hughes displayed deliberate indifference to or tacitly authorized the unconstitutional acts;
>
>    (3) that Munyon and/or Hughes failed to take proper remedial steps; and
>
>    (4) that Munyon and/or Hughes' failure to take proper remedial steps caused James' injury.

*Gates*, 996 F.2d at 1041.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have not presented sufficient evidence to create a genuine issue of material fact as to whether Munyon or Hughes received notice of a pattern of violations of James' constitutional right to be free from sexual harassment. Specifically, the Court finds that plaintiff Sheila James only informed Hughes of a single incident of alleged sexual harassment and did not provide information which would have been notice of a pattern of violations. The Court also finds that Munyon was only provided notice of an incident in the spring of 2007 where another student made faces at James. Even assuming this incident could be construed as sexual harassment, the Court finds it is only a single incident which fails to evidence a pattern of violations. Further, the Court finds that there is no evidence that either Munyon or Hughes should have known of the alleged harassment.

Accordingly, the Court finds that Munyon and Hughes' motion for summary judgment as to plaintiffs' Section 1983 claim should be granted.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion for Summary Judgment [docket no. 28] as follows:

(A)     The Court GRANTS the motion for summary judgment as to the claims brought by plaintiff Sheila James and as to James' Section 1983 claims against defendants Munyon and Hughes, and

(B)     The Court DENIES the motion for summary judgment as to James' Title IX and Section 1983 claims against the District.

**IT IS SO ORDERED this 16th day of October, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE